Oldham, J. The motion of the defendant to exclude the parol evidence given in support of the plaintiff’s title to the mule in controversy, after it appeared that a bill of sale had been executed, should have been sustained. It is a familiar elementary principle and strictly applicable to this case, that parol evidence is inadmissible to establish a contract which has been reduced to writing. Greenleaf on Evidence, 99. The writing itself should have been produced to establish the plaintiff’s title; afterwards, Noland would have been a competent witness to show that the transaction between him and Waggoner was in good faith and not tainted with fraud. The court correctly instructed the jury “that if Noland had possession of the mule after a bonafide purchase at sheriff’s sale and afterwards loaned tire same to Henton, that it did not constitute fraud in law.” This point was determined in Field v. Simco, at the last term of this court, 2 Eng. R. 269. The correctness of the second instruction was determined in Cocke v. Chapman, 2 Eng. R. 197, and Field v. Simco, supra. The motion .for a new trial should have been sustained. There was no evidence whatever of a conversion by the defendant. It is as essential to a right of recovery, to prove a conversion by the defendant, as it is to prove the plaintiff’s title to the property. Conway B, J., did not sit.